[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO MOTION FOR PAYMENT OF DEPOSIT PENDING #107
Mid-Valley Oil Co. ("Mid-Valley") is the owner of 475 Forbes Avenue, New Haven ("the Property") which pursuant to a Notice of Condemnation by the Commissioner of the State of Connecticut deposited the sum of $317,120 with the Clerk of the Court as damages.
Mid-Valley appealed the assessment and moved for payment of the deposit dated February 19, 2002. On April 25, 2002 3 Kings LLC ("3 Kings") opposed payment with a memorandum of law. On May 13, 2002 3 Kings filed a Reply with a memorandum of law after oral argument to the court.
Mid-Valley argues that at the time of the taking 3 Kings was a tenant under a contractor agreement ("the Lease"). On January 25, 2002 by certified mail (Exhibit E) notice was given to 3 Kings that pursuant to Article 10[1] of the agreement Mid-Valley is entitled to receive the entire award or payment in connection with the Taking by the State of Connecticut and that the Tenant shall have the right to make a claim forits personal property or fixtures belonging to the Tenant and removableby the tenant and for moving expenses so long as such claim by Tenantdoes not diminish the award available to the landlord. (Emphasis added.)
Mid-Valley argues "[W]here the language of an agreement is clear and unambiguous, the court must give effect to the clear terms. See TalmadgeBros. v. Iroquois Gas Transmission Systems, L.P., 252 Conn. 479, 498
(Conn. 2000)."
Mid-Valley argues that 3 Kings seeks to have the condemnation clause found to be ambiguous where none exists. 3 Kings argues that Article 10 is ambiguous when read with Article 11[2] of the agreement. When 3 Kings was about to accept the assignment of the lease they made inquiry of the City of New Haven as to the condemnation prospects and had reliance or a misstatement that it was unlikely other than a slight grade CT Page 7602 change. Nonetheless 3 Kings when taking over the lease was aware of the potential of condemnation.
3 Kings farther argues that the Condemnation Provision is unenforceable because it is unconscionable and that if 3 Kings had been informed of an entire taking it would not have assumed the risk. Mid-Valley points out that in Connecticut the test for unconscionability is whether under the circumstances existing at the time of the making of the contract no man in his right senses, not under delusion, would make the agreement and it would be unfair for the other to accept it. (See Smith v. MitsubishiMotors Credit of America, Inc., 247 Conn, 342, 349. It is not uncommon in most agreements to have an enforceable clause as to condemnation. 3 Kings and Mid-Valley assumed the obligations under the lease and contractor agreement written assignments by the original parties and are accordingly bound by those terms.
Article 11 of the Lease provides rights for the lessee when the lease is terminated.
The court farther agrees that the option to purchase provided to 3 Kings does not render the condemnation clause meaningless.
The rule of construction (contract) dictates giving effect to all the provisions of a contract construing it as a whole and reconciling its clauses . . . . where two clauses which are apparently inconsistent may be reconciled by a reasonable construction, that construction must be given, because it cannot be assumed that the parties intended to insert inconsistent and repugnant provisions. (Internal quotation marks omitted.) See Regency Savings Bank v. Westmark Partners, 59 Conn. 160,166.
The clear and unambiguous language in the condemnation clause give Mid-Valley the right to the deposit. The court cannot rewrite the agreement.
___________________________ Frank S. Meadow, J.T.R.